CLAUDIUS REDON *v.* CHARLES CAFFIN.

The damages which a tenant has the right to recover from his landlord, under Art. 2665 C. C., are those which are the immediate result of the defect in the thing leased. The plaintiff claimed as damages, not only the price of his fixtures, which he lost in consequence of being obliged to abandon *Caffin's* house, by the defect of its construction, but, also, the difference in the amount of his profits in the store rented of defendant, and in that to which he removed. *Held:* That plaintiff cannot under his contract recover consequential damages of this latter sort.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.
*Roselius* and *Philips*, for plaintiff. *Niles* and *H. H. Taylor*, for defendant and appellant.

BUCHANAN, J. The damages which a tenant has the right to recover of his landlord, under Article 2665 of the Civil Code, are those which are the immediate result of the defect in the thing leased.

*Redon* hired of *Caffin* a house and store at the corner of Customhouse and Chartres streets, for the term of five years. The lease was annulled at the demand of the lessee, by decree of the Supreme Court rendered in May, 1851, (6 Ann. 487,) on account of a defect in the construction of the house, which threatened ruin, and rendered it unsafe to inhabit it. *Redon*, previously to the rendition of that judgment, to wit, on the 1st of November, 1850, had hired another store, to which he removed.

*Redon's* business was that of a jeweller, and he had fitted up the store which he hired of *Caffin*, at an expense of more than three thousand dollars. These fixtures were nearly a total loss to him, in consequence of being obliged to abandon *Caffin's* house, by the defect in its construction.

In February, 1853, *Redon* instituted this action, claiming as damages, not only the price of his fixtures, but the difference in the amount of his profits in the store rented from *Caffin*, and in that to which he removed.

We are of opinion that plaintiff cannot, under his contract, recover consequential damages of this latter sort. But as the verdict of the jury, twenty two hundred and fifty dollars, does not appear to exceed the amount lost by the plaintiff in fixtures of the store, which loss was a direct result of the defect in the construction of the house leased to him by defendant, we do not feel called upon to disturb the verdict as excessive.

The defendant applied for a new trial in the court below, on the ground of misconduct of the jury. But we agree with the District Judge, that the evidence of the alleged misconduct is not satisfactory.

Finally, the appellant's counsel, in his printed brief, argues that the plaintiff's claim is barred by prescription. But no plea of prescription appears to have been pleaded either in the District Court, or in this court.

Judgment affirmed, with costs.